# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT EARL RONE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ASHLEY M. RICH, *et al.*, )<br>    Defendants. ) | CIVIL ACTION NO. 1:22-00509-TFM-N |

## **REPORT AND RECOMMENDATIONS**

This action is before the Court[1] on the three motions to strike, or in the alternative, dismiss, Count III of Plaintiff Robert Rone's Second Amended Complaint ("SAC") filed by Defendants Kiesha Pettway, Felecia Crawford and Sophia Barnes, respectively. (Docs. 39, 48, 54). These three Defendants – along with one "Jane Doe" and fictitious defendants[2] – are named only in Count III of Plaintiff's SAC, which proceeds under 42 U.S.C. § 1983 and asserts a Fourteenth Amendment claim of deliberate indifference to a serious medical need against each Defendant in their respective individual capacities. (Doc. 31). The operative motions assert Count III is an improper "shotgun pleading" in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure. (Docs. 39, 48, 54). The motions have been fully briefed and are ripe for disposition. (See Docs. 44, 49, 51, 53, 55-57).

---

[1] The assigned District Judge has referred this action to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate under 28 U.S.C. § 636(b)(1) and in accordance with S.D. Ala. GenLR 72. (Docs. 12, 32).

[2] Plaintiff describes this group of fictitious defendants as "As Yet Unknown Medical Personnel and Jailers at Mobile County Metro Jail," who "were responsible for delaying or denying medical treatment for Rone while he was a pretrial detainee on May 7, 2021 at Mobile County Metro Jail." (Doc. 31, PageID.289, 304).

1

Upon consideration, the undersigned finds Count III to be a shotgun pleading. Accordingly, it is **RECOMMENDED** that Defendants' motions (Docs. 39, 48, 54) be **GRANTED** to the extent they seek dismissal of Count III on said basis, such that Count III be **DISMISSED without prejudice**. However, under binding Eleventh Circuit precedent, [i]n dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (citation omitted). Thus, the undersigned further **RECOMMENDS** Plaintiff be **GRANTED leave** to refile a SAC, addressing the deficiencies noted herein, within a time to be prescribed by the Court.

## I. *Legal Standard*

Under Fed. R. Civ. P. 8(a)(2), a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, under Rule 10(b), "[a] party must state its claims… in numbered paragraphs, each limited as far as practicable to s single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity," Rule 10(b) further requires "each claim founded on a separate transaction or occurrence… be stated in a separate count." *Id*. The Eleventh Circuit has explained:

> The self-evident purpose of these rules is to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what his claim and frame a responsive pleading… These rules were also written for the benefit of the court, which must be able to determine which facts support which claims, whether the plaintiff has stated any claims upon which relief can be granted, and whether evidence introduced at trial is relevant.

2

*Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (cleaned up) (citations omitted). Pleadings that violate either Rules 8 or 10 are termed "shotgun pleadings" – which are "flatly forbidden by the spirit, if not the letter of these rules." *Id.* (citing *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J. dissenting)). Discussing such pleadings in *Weiland v. Palm Beach County Sheriff's Office*, the Eleventh Circuit stated:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type – by a long shot – is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted).

## II.    *Plaintiff's Count III*

Plaintiff's Fourteenth Amendment deliberate indifference claim is asserted against "Kiesha Pettway, Felecia Crawford, Sophia Barnes, Jane Doe (actual name unknown) and As Yet Unknown Medical Personnel and Jailers at Mobile County Metro Jail." (Doc. 31, PageID.304). Reproduced below, this count alleges:

3

> 111. The Plaintiff realleges all the allegations contained in the foregoing paragraphs and incorporates the same herein by reference.
>
> 112. During the time Rone was a pretrial detainee at the Mobile County Metro Jail, the employees there owed to Robert Rone those rights under the Fourteenth Amendment to the U.S. Constitution accorded to all U.S. citizens detained upon a governmental entity's authority as pretrial detainees, including the right to receive prompt and adequate medical attention to his serious medical need.
>
> 113. Kiesha Pettway, charge nurse; Felecia Crawford, NP; Sophia Barnes, nurse or detention officer; and/or Jane Doe, as well as other as yet unknown medical personnel and jail personnel refused to give Rone medicine or even water to relieve the esophageal spasms he was having while detained. One of these defendants was a nurse who came to the docket room and spoke with Rone about his condition. Another was a jailer who told Rone she was not his maid after he begged her for water to help relieve his spasms.
>
> 114. As a result of the Defendants' conduct alleged in this claim, Robert Rone suffered the physical injuries and damages described in Paragraph 86 above.

(Doc. 31, PageID.304). Paragraph 86, referenced above, in turn provides:

> After his arrest, while being transported to the jail, Rone began having esophageal spasms that continued at the jail for several hours before he was transported to a hospital and given medication that stopped the spasms. Since his arrest and incarceration, the spasms have continued and Rone must take medication in order to control the spasms. Rone suffered fear, humiliation, and a severe feeling of helplessness during his arrest and incarceration. Within days of his release from jail, Rone developed shingles on his head, neck, and chest as a result of the stress caused by his arrest and incarceration. This was extremely painful, and the blisters lasted over a month. Rone continues to suffer nerve damage as a result of this shingles outbreak. Rone suffered damage to his personal and professional reputation. Rone incurred legal and medical expenses and will incur future medical expenses due to the acts of the Defendants. Rone suffered extreme mental anguish and emotional distress due to the acts of the Defendants and still suffers mental anguish at the time of filing this Complaint.

(Doc. 31, PageID.300). Also relevant is Plaintiff's explanation of these Defendants in the "Parties" section of his SAC, wherein he identifies Pettway as a "charge nurse," Crawford as a "nurse practitioner" and Barnes as a "nurse or detention officer," and asserts each "worke[ed] at [MCMJ] on May 7, 2021 [and] participated in delaying or denying medical treatment for Robert Rone while knowing he had a serious medical

4

need, causing Rone's injuries as described in Paragraph 86 and is liable for said injuries." (Doc. 31, PageID.288-89).

Each Defendant moves to strike or dismiss the allegations in Count III on shotgun pleading grounds, asserting it "does not give specific allegations regarding the conduct" of each Defendant, such that they are "unable to determine the claims against [them] based on the pleadings contained in Count III." (Doc. 39, PageID.383-84; Doc. 48, PageID.442-43; Doc. 54, PageID.463-64). Plaintiff's opposition response to each motion concedes that "under current legal precedent, Plaintiff's [SAC] meets the legal definition of a shotgun pleading because Plaintiff incorporated previous paragraphs into Count III of the complaint." (Docs. 44, 53, 55). However, Plaintiff's concession that his SAC constitutes the first type of shotgun complaint does not address the more pressing concern with Count III, which is that is the fourth type of shotgun complaint. *See Weiland*, 792 F.3d at 1321-23.

Here, Count III is clear insofar as it asserts a single cause of action for deliberate indifference under the Fourteenth Amendment against Pettway, Crawford, Barnes, Doe and the fictitious defendants, but the SAC lacks sufficient detail to determine which Defendant is responsible for which act(s) that allegedly resulted in said deliberate indifference. For example, Plaintiff' asserts "one of these defendants was a nurse who came to the docket room and spoke with Rone about his condition," and "[a]nother was a jailer who told Rone she was not his maid after he begged her for water." (Doc. 31, PageID.304). However, Plaintiff has not identified which named Defendant is the "nurse" and which is the "jailer." As such, the

5

Defendants unable to form a responsive pleading because they lack "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

### III. *Conclusion*

Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** Defendants' motions (Docs. 39, 48, 54) be **GRANTED** to the extent they seek dismissal of Count III as a shotgun pleading, but that said dismissal be **without prejudice**, and Plaintiff be **GRANTED leave** to resolve the above-noted deficiencies within a time to be prescribed by the Court.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 9th day of August 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**