IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT EARL RONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:22-cv-509-TFM-N |
| | ) |
| ASHLEY M. RICH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On August 9, 2023, the Magistrate Judge entered two separate Reports and Recommendations addressing various motions to dismiss filed by the Defendants. *See* Doc. 59 ("R&R1"), Doc. 60 ("R&R2"). Plaintiff filed objections to the R&R1. *See* Doc. 61. As such, the Court conducts a *de novo* review as the portion of R&R1 to which objection is made. Plaintiff did not file objections to R&R2 and the time frame has passed. None of the Defendants filed objections nor did they file a response to the objections filed by the Plaintiff. The Court will address each R&R in turn.

**A.     R&R1 and Objections**

R&R1 addresses the motion to dismiss for prosecutorial immunity filed by Defendants Ashley Rich and Amanda Herren (collectively the "DA Defendants"). *See* Docs. 35, 36; *see also* Doc. 41 (Response), Doc. 45 (Reply). Plaintiff objects to the findings and conclusions by the Magistrate Judge regarding the application of absolute prosecutorial immunity. The Court reviewed the Second Amended Complaint (Doc. 27) which is the controlling complaint at issue. The Court further reviewed the motion to dismiss, brief in support, response, reply, R&R1, and Plaintiff's objections. The Court finds no fault with the well-reasoned analysis of the Magistrate

Judge and therefore **OVERRULES** Plaintiff's objections.

Therefore, after due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge (Doc. 59) is **ADOPTED** as the opinion of this Court. Accordingly, the DA Defendants' motion to dismiss (Doc. 35) is **GRANTED** and Count II is **DISMISSED with prejudice** in its entirety and Counts I, IV, and V are **DISMISSED with prejudice** as to the DA Defendants (Ashley Rich and Amanda Herren).  The DA Defendants are entitled to absolute prosecutorial immunity for the federal claims and absolute immunity for the state law claims.

**B.      R&R2 and additional analysis**

The Court now turns to R&R2.  No objections were filed by any party.  Therefore, after due and proper consideration of the issues raised, the Report and Recommendation of the Magistrate Judge (Doc. 60) is **ADOPTED** as the opinion of this Court with a modification and additional analysis discussed below.

Based on the adoption of R&R1, Counts I, IV, and V were dismissed as to the DA Defendants, but left as to the applicable remaining Defendants.  Put simply, in the Court's assessment, the whole complaint is a shotgun pleading – not just Count III.  The Court agrees that the motions to dismiss (Docs. 39, 48, 54) were raised by Defendants Pettway, Barnes, and Crawford while Defendant Lott filed his answer.  Regardless, the Court feels compelled to address the matter in total since the end result is that another amended complaint will be filed regardless.

   **i.      Shotgun Pleading**

Fed. R. Civ. P. 8 provides a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Each allegation in

the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Fed. R. Civ. P. 10 provides that the complaint must "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the purpose of Fed. R. Civ. P. 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." (citation, internal quotation marks, and ellipsis omitted)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit. *Weiland*, 792 F.3d at 1320. "Shotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by 'failing . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019) (quoting *Vibe Macro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018).[1] Put another way, it is "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). There are four types of shotgun pleadings: (1) pleadings that "contain[]

---

[1] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Weiland*, 792 F.3d at 1321.

The Court finds that Plaintiff has filed a pleading that quintessentially fits into the first category of shotgun pleadings in that each count adopts and incorporates all the preceding paragraphs which causes each successive account to be a combination of everything that precedes it.  Specifically, each Count explicitly states in the in the first paragraph of the Count: "The Plaintiff realleges all of the allegations contained in the foregoing paragraphs and incorporates the same herein by reference.  Therefore, while the Court agrees with R&R2 in that Count III is problematic, the Court also finds the same to be true of the remaining counts (Counts I, III, IV, and V).

A complaint that falls into the first category of shotgun pleading "imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts."  *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) (citations omitted).  Therefore, the Court will grant the dismissal of Plaintiff's Second Amended Complaint as a shotgun pleading but also allow him an opportunity to remedy the deficiencies contained therein.  *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one

chance to remedy such deficiencies." (citation and internal quotation marks omitted)).  "Implicit in such instruction is the notion that if the plaintiff fails to comply with the court's order-by filing a repleader with the same deficiency-the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001).

Plaintiff is instructed to ensure his amended complaint does not incorporate all preceding paragraph under each count and instead make sure that each count specifically identifies the basis for the claim, against which defendant the count is asserted, and how the facts and law relate to the defendants.  Further, Plaintiff may not include counts or defendants that the Court dismissed based upon the adoption of R&R1 (the DA Defendants).

### ii. Fictitious Parties

The Court also notes an additional deficiency.  Plaintiff also included in his complaint fictitious defendants.  *See* Doc. 31 at 4.  The fictitious parties have been identified as follows:

> 8. Upon information and belief, unidentified Defendant JANE DOE was a nurse working at the Mobile County Metro Jail on May 7, 2021 and is possibly one of the three (3) Defendants named in paragraphs 5-7 above. Jane Doe came to the intake area of the jail before Rone was placed in a cell and was told by Rone that he was having spasms in his esophagus and needed his medication. Jane Doe refused to give Rone his medication that was there in the intake area or to obtain the medication from the jail pharmacy.
>
> 9.   Other Defendants, whose identities are currently unknown, worked as jailers, medical personnel, or supervisors at Mobile County Metro Jail and were responsible for delaying or denying medical treatment for Rone while he was a pretrial detainee on May 7, 2021 at Mobile County Metro Jail.

*Id*.  Plaintiff also includes a "as yet unidentified employees of the Mobile County District Attorney's Office", "Jane Doe (actual name unknown)", "As Yet Unknown Medical Personnel and Jailers at Mobile County Metro Jail".  *Id*. at 13, 19.

As a general matter, fictitious party pleading is not permitted in federal court.  *See, e.g.,*

*New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *see also Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (recognizing limited exception to the general rule).  Under federal law, Plaintiff's Second Amended Complaint does not make a *prima facie* showing that his use of a fictitious party falls within an exception to the general rule recognized in this Circuit's jurisprudence. Specifically, that the allegations sufficient describe a defendant who can only be one person that is readily identifiable to the point the name is essentially surplusage.  *Smith v. Comcast Corp.*, 786 F. App'x 935, 940 (11th Cir. 2019).

As the Court has already determined Plaintiff must file an amended complaint, he should take note of the standard for federal court with regard to fictitious party pleading when amending his complaint.  To the extent he intends to utilize fictitious party identification, he must ensure that it meets the exceptions and requirements identified in the caselaw above.

**C.  Conclusion**

Based on the above, it is **ORDERED** as follows:

(1) R&R1 (Doc. 59) is adopted in full.

(2) Based on the adoption of R&R1, the DA Defendants' motion to dismiss (Doc. 35) is **GRANTED**.

    a.  Count II is **DISMISSED with prejudice** in its entirety

    b.  Counts I, IV, and V are **DISMISSED with prejudice** as to the DA Defendants

    c.  The DA Defendants are entitled to absolute prosecutorial immunity for the federal claims and absolute immunity for the state law claims.

    d.  The DA Defendants are **DISMISSED with prejudice** as parties to this action.

(3) R&R2 (Doc. 60) is adopted with the additional analysis:

(4) Based on the adoption of R&R2, the remaining motions to dismiss (Docs. 39, 48, 54) are **GRANTED** and the Court finds that not only is Count III a shotgun pleading, but the whole Second Amended Complaint is a shotgun pleading.

(5) Plaintiff is **ORDERED** to file by **January 5, 2024** an amended complaint that remedies the deficiencies identified in R&R2, this Memorandum Opinion, and complies with Fed. R. Civ. P. 8 and 10 by presenting each of Plaintiff's claims for relief against each Defendant with sufficient clarity to permit Defendants and the Court to discern the factual basis for each claim raised.

(6) Plaintiff is cautioned that he may not include matters that have already been dismissed in accordance with this order. Additionally, failure to comply with this order may result in the complaint being stricken or dismissed. Finally, Plaintiff is put on notice that this may be his last chance to amend prior to the issuance of a scheduling order.

(7) Once Plaintiff files his amended complaint, the remaining Defendants shall file their answer or other responsive pleading in accordance with Fed. R. Civ. P. 12(a)(4).

It is **FURTHER ORDERED** that this matter is **REFERRED BACK** to the Magistrate Judge for further proceedings. This includes whether or not the entry of a preliminary scheduling order and the requirement to confer under Fed. R. Civ. P. 26(f)(1) may be appropriate.

**DONE** and **ORDERED** this the 8th day of December 2023.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE