**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **ROBERT EARL RONE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:22-cv-509-TFM-N |
| | ) |
| **ALEX LOTT,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Pending before the Court is *Plaintiff's Motion for the Court to Amend Its Order on Plaintiff's Motion for Leave to File Fifth Amended Complaint* (Doc. 200, filed May 26, 2025) in which Plaintiff Robert Earl Rone ("Plaintiff") motions the Court, pursuant to Fed. R. Civ. P. 59(e), to amend its Order that was entered on April 30, 2025 ("the Order"). Specifically, Plaintiff requests the Court:

(1)   Amend the paragraph on page 1 of the Order to reflect the Court instructed Plaintiff it did not expect a full briefing on the immunity issues when it ordered Plaintiff to file a brief in support of its motion to amend that states, "The Court Ordered Plaintiff to file a brief in support of his motion for leave to amend in which he was to address the timeliness of the motion as well as how the allegations in his proposed fifth amended complaint would overcome immunity arguments and render the proposed fifth amended complaint futile."

(2)   Delete the portion of the sentence on page 4 of the Order that states, "Further, during [Defendant Alex] Lott's [("Lott")] deposition that occurred on November 22, 2024, he stated Blackwood was consulted about Plaintiff's criminal case. Doc. 160-1 at 73."

(3)   Delete the section of the Order that discusses immunities.

Doc. 200.

On April 30, 2025, the Court entered an Order in which it denied (1) Plaintiff's motion for leave to file a fifth amended complaint and (2) motion to file a substituted fifth amended complaint. Doc. 185. In Plaintiff's first motion, he sought to amend his complaint to add Mobile County District Attorney Keith Blackwood ("Blackwood"), in his individual capacity, as a defendant to bring claims against him for malicious prosecution, in violation of the Fourth Amendment, and outrage. Doc. 176; Doc. 154-1. The Court denied Plaintiff's motion because it was untimely. Doc. 185. In Plaintiff's second motion, he sought to substitute his proposed fifth amended complaint to add an allegation against Defendant Kiesha Pettway as well as additional details to factual allegations. Doc. 176. The Court also denied Plaintiff's second motion because it was untimely and for the undue delay to make the request. Doc. 185. This was the primary basis for the denial of the motion to amend and could have been issued standing alone.

However, the Court also provided alternative analysis when it found the proposed claims against Blackwood were futile because they were time-barred, and did not relate back to the original complaint, and Blackwood would be entitled to immunity, based on the parties' limited arguments and the proposed claims against him. *Id.* As part of the Court's immunity analysis, it compared the claims against Blackwood in the proposed amended complaint with previously dismissed claims against parties who were determined to be entitled to absolute prosecutorial immunity for federal claims, and absolute immunity for state-law claims, that were brought against them. *Id.* The Court also addressed Plaintiff's immunity arguments and case law that he presented in his brief in support of his first motion. *Id.* The Court concluded Blackwood would be entitled to absolute prosecutorial immunity, and qualified immunity in the alternative. *Id.* The Court's immunity analysis was for futility purposes and not a true merits-based determination under the

Federal Rules of Civil Procedure that would have preclusive effects, either under an analysis for *res judicata*, collateral estoppel, or some other preclusion theory. It was included only to address the parties' limited arguments and to make a futility analysis. Therefore, the Court finds Plaintiff's first request (amend the Order to clarify the Court did not expect the parties to fully brief the issue of immunity) and third request (delete from the Order the Court's immunity analysis) are unnecessary and are **DENIED**.

Finally, the Court acknowledges, as Plaintiff identifies, Lott stated in his deposition Blackwood was consulted about Thomas Lamar Rone's criminal case, not Plaintiff's, but such is not a factual finding for preclusion purposes for any other case. Nor was it dispositive on the issue of timeliness as it relates to Plaintiff's request for leave to file a fifth amended complaint. Therefore, the Court finds Plaintiff's second request (delete from the Order the statement that Lott, in his deposition, stated he consulted Blackwood about Plaintiff's criminal case) is unnecessary and is **DENIED**. This order acknowledges the technical mistake, but it has no effect on the fact that the motion to amend merits denial. Further, the Order does not constitute an adjudication on the merits, as required under a preclusion theory, as to whether Blackwood would be entitled to immunity in this matter.

Accordingly, Plaintiff's Motion for the Court to Amend Its Order on Plaintiff's Motion for Leave to File Fifth Amended Complaint (Doc. 200) is **DENIED**.

**DONE** and **ORDERED** this 24th day of June 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE